IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. C 14-00166 BLF (PR)<br><br>**ORDER SCREENING AMENDED COMPLAINT; DISMISSING CLAIMS WITH LEAVE TO AMEND; DIRECTING DEFENDANTS TO FILE OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION** |

    Plaintiff, an inmate on death row at California's San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. Plaintiff's amended complaint is currently before the Court for initial screening.

## DISCUSSION

**A.   Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Procedural Background**

The instant action was commenced on January 12, 2014. (Docket No. 1.) Defendants filed motions for summary judgment and to dismiss (Docket Nos. 9 and 1), which the Court granted in part and denied in part on March 19, 2015 (Docket No. 22). The Court found that Plaintiff had stated a cognizable Bane Act claim against Officer Odum. *See* Docket No. 22 at 23–24. The Court dismissed the following claims with leave to amend: the Bane Act claim against Officer Anderson; the civil conspiracy claims against Officers Odum and Anderson; the Ralph Act claims against Officers Odum and Anderson, and the Fourth and Eighth Amendment claims against Officers Anderson and Odum. *See id.* at 19–25. The remaining claims and defendants were dismissed with prejudice. *See id.* at 8–17.

On June 17, 2015, Plaintiff filed an amended complaint against Officers Anderson and Odum alleging violations of his rights under the Fourth and Eighth Amendments; and alleging state-law claims of negligence and civil conspiracy; and alleging violations of the Bane Act and the Ralph Act. (Docket No. 26.)

**C.  Plaintiff's Claims**

Plaintiff claims that he is the victim of an attempted murder which was either instigated by individual prison guards; and/or abetted by the inaction, gross negligence, or deliberate indifference of individual prison guards; and/or carried out with the

Order Screening Amended Complaint
P:\PRO-SE\BLF\CR.14\166Panah_screen fac.wpd

2

cooperation of individual prison guards. (Docket No. 26 ("Am. Compl.") ¶ 1.)

According to the complaint, for approximately one year prior to February 4, 2012, Plaintiff was subjected to "terrorist threats and harassments at the encouragement and behest" of Correctional Officer Odum. (Am. Compl. ¶ 13.) On February 4, 2012, without provocation, inmate Joseph Anthony Barrett, a known member of Aryan Brotherhood, stabbed Plaintiff in the back several times, causing damage to Plaintiff's liver and lung. (*Id.* ¶¶ 4, 13.) Barrett chased Plaintiff around the prison yard with the knife before he was subdued. (*Id.* ¶ 13.) During the attack and subsequent chase, Officer Anderson was on duty as a gunner in the guard tower. (*Id.* ¶ 15.) Anderson observed the event but did not raise her gun. (*Ibid.*)

Plaintiff's injuries suggested that the blade used in the attack was not a common prison shank, but rather a knife which was likely brought in from outside the prison. (Am. Compl. ¶ 17.) Plaintiff alleges that because inmates are required to undergo a security screening and strip search before entering the prison yard, Barrett likely had assistance from prison staff in bringing the knife onto the yard. (*Id.* ¶ 18.)

Plaintiff alleges that Barrett's attack on Plaintiff was "a result of a climate perpetuated, or at a minimum, tolerated by prison staff, that created hostility against Plaintiff among segments of the inmate population." (Am. Compl. ¶ 19.) Officer Odum contributed to this hostility by maintaining a "Wall of Shame" in his office where he posted clippings about different inmates and their cases, including of Plaintiff and his case. (*Id.* ¶ 20.)

Plaintiff names as defendants Officers Odum and Anderson, and Does 1-50.

D. **Discussion**

    1.    Federal Law Claims

In its March 19, 2015 order granting in part and denying in part Defendants' motion for summary judgment and to dismiss ("March 2015 Order"), the Court dismissed the Fourth and Eighth Amendment claims against Officers Anderson and Odum for failure to state sufficient facts that there was any purposeful, individual involvement by

either officer in the stabbing attack. *See* Docket No. 22 at 20–21.

        a)    Fourth Amendment Claims

In his amended complaint, Plaintiff alleges that Officers Anderson and Odum have violated his Fourth Amendment rights. However, he again fails to indicate *how* they have violated his Fourth Amendment rights. The Fourth Amendment proscribes "unreasonable searches and seizures," U.S. Const. amend. IV, but the amended complaint does not discuss any search or seizure, much less an unlawful one. Accordingly, Plaintiff's Fourth Amendment Claim is DISMISSED with leave to amend, if he can truthfully do so. *See, e.g., McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.").

        b)    Eighth Amendment Claims

Plaintiff alleges that Defendants violated his Eighth Amendment rights. Liberally construed, it appears that Plaintiff is alleging that Officers Anderson and Odum were deliberately indifferent to his safety in violation of the Eighth Amendment. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Neither negligence nor gross negligence will constitute deliberate indifference. *See id.*, 511 U.S. at 835–36 & n.4 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official cannot be held liable under the Eighth Amendment unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

Plaintiff alleges that Officer Odum's encouragement of "terrorist threats and

harassment" against Plaintiff and Officer Odum's "Wall of Shame" created a climate of hostility against Plaintiff among segments of the inmate population. *See* Am. Compl. ¶ 19. Liberally construed, Plaintiff's amended complaint states an Eighth Amendment claim against Officer Odum for deliberate indifference to his safety.

Plaintiff's only allegation in the complaint against Officer Anderson is that she witnessed Barrett stabbing Plaintiff and did not raise her gun during the attack. However, according to an exhibit attached to the amended complaint, Plaintiff's mother appeared before the Victim Compensation and Government Claims Board and alleged that when Officer Anderson witnessed the attack on Plaintiff, Officer Anderson "did not blow her whistle or press the alarm to alert the other officers of the attempted murder; instead, . . . the officer laughed and smiled." *See* Am. Compl., Ex. 1 at 6. In general, the Court must accept the material allegations in the complaint as true and construe them in the light most favorable to plaintiff. Where exhibits are attached to the complaint, Court is not limited to the allegations contained in the complaint, and can consider the exhibits. *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n. 1 (9th Cir. 1991). Liberally construed, Plaintiff's amended complaint states an Eighth Amendment claim against Officer Anderson for deliberate indifference to his safety.

2. State Law Claims

    a) Bane Act Claims

In his first cause of action, Plaintiff alleges that Defendants have violated his rights under the Bane Act.[1] (Am. Compl. ¶¶ 33–38.) The Bane Act, codified at California Civil Code § 52.1, makes it unlawful for any person to "interfere[] by threats, intimidation, or coercion, or attempt[] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights . . . secured by the Constitution or laws of this state." *Id.* at § 52.1. The Court found that Plaintiff had stated a cognizable

---

[1] Plaintiff cites California Civil Code § 43 in his first cause of action. As the Court noted in its March 2015 Order, Plaintiff's Section 43 claim is properly brought via the Bane Act, codified at California Civil Code § 52.1. *See* March 2015 Order at 21 n. 10.

Bane Act claim against Officer Odum, but not against Officer Anderson since there were no specific allegations that she had engaged in any threats, intimidation or coercion in her actions as yard gunner during the attack. Plaintiff's amended complaint fails to cure this deficiency. The only allegation against Officer Anderson is that she witnessed the attack and did not raise her gun.

Because Plaintiff is now proceeding as a *pro se* litigant and this deficiency could feasibly be cured through amendment, the Bane Act claim against Officer Anderson is dismissed with leave to amend.

        b)    Ralph Act Claims

In his second cause of action, Plaintiff alleges that Defendants violated his rights under section 51.7 of the California Civil Code, the Ralph Act (Am. Compl. at 9–10), which provides that "all persons within California have the right to be free from any violation, or intimidation by threat of violence, committed against the person on account of race." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1167 (N.D. Cal. 2009) (citing Civil Code § 51.7). A claim brought under Section 51.7 requires a plaintiff to plead four elements: (1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's race; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm. *See, e.g., Austin B. v. Escondido Union Sch. Dist.*, 14 Cal. App. 4th 860, 880–81 (Cal. Ct. App. 2007).

Plaintiff's Ralph Act claims in the amended complaint against Officers Odum and Anderson are deficient for the same reasons his claims in the original complaint were deficient. He fails to allege that Officer Odum threatened him with violence; that Officer Odum was motivated to harm Plaintiff because of Plaintiff's race; and that Officer Odum's conduct had any casual link to his stabbing. Similarly, he failed to allege that Officer Anderson threatened him with violence; that Officer Anderson was motivated to harm him because of his race; or that Officer Anderson's conduct was a substantial factor in his stabbing.

Because Plaintiff is now proceeding as a *pro se* litigant and this deficiency could feasibly be cured through amendment, the Court will dismiss the Ralph Act claims against Officers Odum and Anderson with leave to amend, if Plaintiff can truthfully do so. Plaintiff is again cautioned that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to meet Rule 8's pleading requirements]." *Ashcroft*, 556 U.S. at 678.

### c) Negligence *Per Se*

In his third cause of action, Plaintiff claims that Defendants have been *per se* negligent in violation of sections 2650 and 2652 of the California Penal Code, and of sections 3271 and 3341.5 of the California Code of Regulations, title 15. (Am. Compl. at 10–12.) Under the negligence *per se* doctrine, which is codified by section 669 of the California Evidence Code, negligence is presumed if the plaintiff establishes four elements: (1) the defendant violated a statute or regulation; (2) the violation caused the plaintiff's injury; (3) the injury resulted from the kind of occurrence the statute or regulation was designed to prevent; and (4) the plaintiff was one of the class of persons the statute or regulation was intended to protect. *Daum v. SpineCare Med. Grp., Inc.*, 61 Cal. Rptr. 2d 260, 271 (Cal. Ct. App. 1997). Liberally construed, Plaintiff has stated a cognizable state-law claim against Defendants for negligence *per se*.[2]

### d) Civil Conspiracy

In his amended complaint, Plaintiff again alleges the existence of a conspiracy on the part of the individual defendants to assist inmate Barrett in attempting to murder

---

[2] However, it appears from the face of the amended complaint that Plaintiff may be time barred from bringing such claims. Plaintiff filed a claim with the Victim Compensation and Government Claims Board ("Board") regarding the February 4, 2012 stabbing. (Am. Compl. at 3 and Ex. 1.) Under the California Tort Claims Act, a plaintiff must file a court action within six months of the date his notice of rejection of his claim was personally delivered or deposited in the mail. *See* Cal. Gov't Code § 945.6. The Board rejected his claim on October 18, 2012. (Am. Compl. at 3 and Ex. 2.) This instant action was commenced on January 12, 2014, over a year after the claim rejection was issued.

Plaintiff, *see, e.g.*, Am. Compl. ¶ 32, even though he does not list civil conspiracy as a cause of action. Because the Court construes the complaint liberally, the Court presumes that Plaintiff is also alleging that Defendants have engaged in a civil conspiracy. However, Plaintiff's civil conspiracy claims still suffer from the same deficiencies identified in the March 2015 Order.

Under California law, civil conspiracy requires a plaintiff to plead that "the conspiring parties reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *See Gilbrook v. City of Westminister*, 177 F.3d 839, 856 (1999) (citing *Vieux v. East Bay Reg'l Park Dist.*, 906 F.2d 1330, 1343 (9th Cir. 1990)). Each conspirator "need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* at 856 (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) (en banc)). Further, civil conspiracy claims are subject to a heightened pleading standard, demanding that a plaintiff allege specific facts "containing evidence of unlawful intent, or face dismissal of the claim." *Buckey v. Cnty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Plaintiff's amended complaint does not make any such specific allegations. Plaintiff does not allege any "meeting of the minds" between Officers Odum and Anderson to harm Plaintiff, let alone facts to show a conspiracy by Officers Odum and Anderson to help a prisoner stab Plaintiff. Cursory allegations that Officer Odum encouraged threats and harassment against Plaintiff and that Officer Anderson smiled and laughed during the attack are insufficient to state a claim for civil conspiracy. Such a failure to plead any specific allegations demands that the conspiracy claim be dismissed. *See Buckey*, 968 F.2d at 794.

Because Plaintiff is now proceeding as a *pro se* litigant and this deficiency could feasibly be cured through amendment, the Court will dismiss the civil conspiracy claims against Officers Odum and Anderson with leave to amend, if Plaintiff can truthfully do so. Plaintiff is again cautioned that "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice [to meet Rule 8's pleading requirements]." *Ashcroft*, 556 U.S. at 678.

### 3. Doe Defendants

Plaintiff names "Does 1 through 50" as defendants, but states that he knows neither their true names nor their capacities. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn their identities, he may move to file an amendment to the complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195–98 (9th Cir. 2003).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. As detailed above, Plaintiff has stated a cognizable Eighth Amendment claim and state law negligence claim against Officers Odum and Anderson. Plaintiff has also stated a cognizable Bane Act claim against Officer Odum. The Doe Defendants are dismissed from this action without prejudice.

2. The following claims are dismissed with leave to amend: the Bane Act claim against Officer Anderson; and the Ralph Act claim and the civil conspiracy claim against Officers Odum and Anderson. If Plaintiff wishes to amend these claims, he must file a second amended complaint, no later than **thirty (30) days** of the date this order is filed, Plaintiff shall file a second amended complaint. The second amended complaint must include the caption used in this order, the civil case number used in this order, Case No. C 14-00166 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on

the form in order for the action to proceed.

**An amended complaint completely replaces the previous complaints.** Plaintiff must therefore include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claims which the Court has already found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Claims and defendants not included in the second amended complaint will not be considered by the Court. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The second amended complaint must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights. *See* Fed. R. Civ. P. 8(a)(2).

Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will proceed solely on the cognizable claims identified above. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

3. In the alternative, Plaintiff may file a motion to proceed solely on the claims identified as cognizable above (Eighth Amendment claim and state law negligence claim against Officers Odum and Anderson; and Bane Act claim against Officer Odum). In order to do so, he should file a notice requesting to voluntarily dismiss the Bane Act claim against Officer Anderson; and the Ralph Act claim and the civil conspiracy claim against Officers Odum and Anderson; and requesting to proceed on the claims which the Court has already identified as cognizable.

//
//
//
//
//

4.  Plaintiff has filed a motion for summary adjudication as to whether his attempt to exhaust his administrative remedies was thwarted by the action of prison staff. The Court orders Defendants to file an opposition to this motion with **twenty-eight (28) days** of the date of this order. Plaintiff shall file a reply brief no later than **fourteen (14) days** after Defendants' opposition is filed.

**IT IS SO ORDERED.**

DATED: July 14, 2015

BETH LABSON FREEMAN
United States District Judge