UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 14-00166 BLF (PR)<br><br>**ORDER DENYING EMERGENCY MOTION FOR APPOINTMENT OF COUNSEL**<br><br><br>(Docket No. 97) |

Plaintiff, an inmate on death row at California's San Quentin State Prison ("SQSP") proceeding *pro se*, filed a second amended complaint pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. The Court found several of Plaintiff's claims cognizable, and scheduled briefing on the matter. (Docket No. 69.) Plaintiff has filed under seal an "emergency motion" for appointment of counsel. (Docket No. 97.) Plaintiff filed a motion for appointment of counsel earlier in this matter, which the Court denied for lack of exceptional circumstances. (Docket No. 46.)

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds*

*on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,113* F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

Assuming that there is a strong likelihood of success on the merits, Plaintiff has shown that he is able to articulate his claims, which, contrary to his assertions, are not complex. Furthermore, Plaintiff has consistently demonstrated his ability to proceed *pro se* in this action by his numerous and extensive filings. Notwithstanding the challenges he faces due to incarceration, his lack of legal expertise, and the fact that he may be better served with the assistance of counsel, Plaintiff's circumstances are not so "exceptional" to warrant appointment of counsel at this time. *See Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel). Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice for lack of exceptional circumstances. *See id.*; *Agyeman v. Corrections Corp. of America*, 390 F.3d at 1103; *Terrell*, 935 F.2d at 1017; *Wilborn*, 789 F.2d at 1331.

With respect to the alleged seizure of documents by prison officials, Plaintiff should first seek administrative remedies to retrieve any legal documents necessary to litigate this action.

This order terminates Docket No. 97.

**IT IS SO ORDERED.**

**Dated:** October 19, 2018

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order Denying M. for Appt. of Counsel
PRO-SE\BLF\CR.14\00166Panah_deny.atty