UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 14-00166 BLF (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR UNSERVED DEFENDANTS** |

Plaintiff, an inmate on death row at California's San Quentin State Prison ("SQSP"), proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. (Docket No. No. 54), which the Court screened and dismissed with leave to file a supplemental complaint. (Docket No. 66.) Plaintiff filed a supplemental complaint. (Docket No. 67.) On August 8, 2018, the Court found the supplemental complaint states a cognizable claim under the Fourteenth Amendment against Defendants Lt. Luna, Robberecht, Givens, Welton, McClelland, Lt. Jackson, AW Moore, CDW Rodriguez, and Warden Chappelle, and directed the Clerk to mail a Notice of Lawsuit and Request for Waiver of Service of Summons, and two copies of the Waiver of Service of Summons on each Defendant. (Docket No. 69.)

On November 1, 2018, the SQSP Litigation Coordinator returned the service documents sent to Robberecht, AW Moore, Warden Chappelle, and McClelland, and included a letter indicating the reason why each individual could not be served. (Docket No. 101.)[1]

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of "good cause," claims against Defendants Robberecht, AW Moore, Warden Chappelle, and McClelland are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff must remedy the situation by providing more information regarding Defendant Afnan's current whereabouts or face dismissal of his claims against this Defendant without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

For the foregoing reasons, the Court orders Plaintiff to file a notice providing the Court with more information regarding the current whereabouts for **Defendants Robberecht, AW Moore, Warden Chappelle, and McClelland** such that the Marshal is able to effect service. If Plaintiff fails to provide the Court with the information requested **within twenty-eight (28) days** of the date this order is filed, Plaintiff's claim against Defendants shall be dismissed without prejudice pursuant to Rule 4(m) of the Federal

---

[1] The service documents have not been returned for Defendants Lt. Luna, Lt. Jackson, Givens, Welton, and CDW Rodriguez and there is no indication that they have been served.

Rules of Civil Procedure.

The Clerk shall send Plaintiff a copy of the SQSP Litigation Coordinator letter indicating the information needed to assist with identification of the named Defendants.

**IT IS SO ORDERED.**

Dated: __11/14/2018__

BETH LABSON FREEMAN
United States District Judge

Order Directing Plaintiff to Provide Court with More Info for Unserved Defs
PRO-SE\BLF\CR.14\00166Panah_moreinfo4

3