UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 14-00166 BLF (PR)<br><br>**ORDER OF SERVICE ON UNSERVED DEFENDANTS; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; DIRECTING PLAINTIFF TO PROVIDE MORE INFORMATION FOR UNSERVED DEFENDANTS AND REQUESTING SAME FROM LITIGATION COORDINATOR; INSTRUCTIONS TO CLERK** |

Plaintiff, an inmate on death row at California's San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. Plaintiff's second amended complaint, (Docket No. 54, *hereinafter* "SAC"), combined with the supplemental complaint, (Docket No. 67), is the operative complaint in this action. The Court screened the papers and found they contained several cognizable claims and ordered service on Defendants. This order addresses several services issues on Defendants who have not yet been located and served in this action.

///

**DISCUSSION**

**A.** <u>**Unserved Defendants**</u>

It has been brought to the Court's attention that service was not ordered on Defendants Officer D. Hamilton, Lt. S. Jackson, and Lt. Rudy Luna. (Docket No. 113 at 4.) Furthermore, the Litigation Coordinator has filed notice that Defendant Kevin Chappelle works at the Board of Parole Hearings, (Docket No. 101), and that Defendant Brandy Ebert is now employed at the California Medical Facility in Vacaville, California, (Docket No. 106). Accordingly, the Court will order service on these Defendants.

Plaintiff was directed to provide sufficient information to serve the matter on Defendants Robberecht, Givens, Welton McClelland, Ebert, Moore, Rodriguez, and Chappell. (Docket No. 69.) Plaintiff was again directed to provide more information on yet unserved Defendants Robberecht, Moore, and McClelland. (Docket No. 105.) Plaintiff filed a response, pointing out errors in the court's service documents. (Docket Nos. 103.) In the interest of justice, the Clerk of the Court is directed to resend the Request for Waivers with the correct names for some of these Defendants as instructed below. *See infra* at 4.

**B.** <u>**More Information Needed**</u>

The Litigation Coordinator at SQSP has notified the Court that Defendant Robberecht is not currently employed at SQSP, Defendant A. W. Moore has retired, and Defendant Chief Deputy Warden W. A. Rodriguez is also no longer employed by the CDCR. (Docket Nos. 101, 106.) Plaintiff's response that service for these Defendants was ineffective at SQSP because their full names were not provided does not overcome the fact that these Defendants have been identified as no longer being employed at SQSP. (Docket No. 108.)

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon

2

the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of "good cause," claims against Defendants Robberecht, Moore, and Rodriguez are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff must remedy the situation by providing more information regarding Defendants' current whereabouts or face dismissal of his claims against these Defendants without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

For the foregoing reasons, Plaintiff shall file a notice providing the Court with more information regarding the current whereabouts of Defendants Robberecht, Moore, and Rodriguez such that the Marshal is able to affect service. If Plaintiff fails to provide the Court with the information requested **within twenty-eight (28) days** of the date this order is filed, Plaintiff's claim against Defendants Robberecht, Moore, and Rodriguez shall be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

In the interest of justice, the Court will also request the SQSP Litigation Coordinator to provide any available forwarding address for these Defendants, all who have been identified as having previously worked for the CDCR.

C.  **Notice of Missing Documents**

Plaintiff also recently filed a notice stating that he has not received a copy of several items on the docket. (Docket No. 108.) All the docket items listed are Request for Waivers of service sent to Defendants by the Clerk of the Court and mail "returned as undeliverable," i.e., many of the Request for Waivers were returned to the Court for various reasons as indicated on the docket. Accordingly, no copies of these documents were sent to Plaintiff, and neither is it necessary for Plaintiff to receive them. Plaintiff also claims that he has not received anything after Docket No. 105. The Clerk shall send

3

Plaintiff a copy of the docket along with this order so that he has notice of all the current filings in this matter.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the court's screening order, (Docket No. 69), and this order upon **Defendants Officer D. Hamilton, Lt. S. Jackson, Lt. Rudy Luna, Officer S. Givens, and Officer B. McClelland** at **San Quentin State Prison** (San Quentin, CA 94974)**,** on **Defendant Brandy Ebert** at the **California Medical Facility** (1600 California Dr., Vacaville, CA 95696), and on **Defendant Kevin Chappelle** at the **Board of Parole Hearings** (P.O. Box 4036, Sacramento, CA 95812-4036).

The Clerk shall send a copy of this order, a copy of the SAC, (Docket No. 54), all attachments thereto, and a copy of the supplemental complaint, (Docket No. 67), to the Litigation Coordinator at SQSP, to forward to the appropriate parties.

The Clerk shall also mail a copy of this Order to Plaintiff and the counsel for Defendants Odom, Anderson and Welton. The Clerk shall enclose a copy of the current docket with the copy of this order for Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer

4

before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

        3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

        a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

        4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential

5

element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. Plaintiff shall file notice **within twenty-eight (28) days** from the date this order is filed, providing the Court with more information regarding the current whereabouts of **Defendants Z. Robberecht, A. W. Moore, and W. A. Rodriguez** such that the Marshal is able to effect service. **Failure to respond in the time provided will result in the dismissal of these Defendants without prejudice pursuant to Rule 4(m).**

12. The Court requests the SQSP Litigation Coordinator to provide any available

forwarding address for **Defendants Z. Robberecht, A. W. Moore, and W. A. Rodriguez**, all who have been identified as having previously worked for the CDCR. Any information provided to the Court shall be filed as Confidential. The Court requests that the information, or notice that no such information is available, be filed **within twenty-eight (28) days** from the date this order is filed.

**IT IS SO ORDERED.**

**Dated:** __July 11, 2019__

BETH LABSON FREEMAN
United States District Judge

Order of Svc on Unserved Defs; Directing P to Provide More Info
PRO-SE\BLF\CR.14\00166Panah_svc.unservedDefs