UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual, <br> Plaintiff, <br> v. <br> STATE OF CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al., <br> Defendants. | Case No. 14-00166 BLF (PR) <br><br> **ORDER DENYING MOTION FOR LEAVE TO AMEND; ADDRESSING PENDING MOTIONS** <br><br><br> (Docket Nos. 112, 121, 140) |

Plaintiff, an inmate on death row at San Quentin State Prison ("SQSP") proceeding *pro se*, filed a second amended complaint pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. (Docket No. 54, *hereinafter* "SAC.") The Court found several cognizable claims, and scheduled briefing on the matter. (Docket No. 69.) The SAC combined with the supplemental complaint, (Docket No. 67), is the operative complaint in this action. On August 8, 2018, the Court screened the papers and found they contained several cognizable claims and ordered service on Defendants. (Docket No. 69.) Defendants were directed to file a motion for summary judgment or other dispositive motion which remains pending. (*Id.* at 13; Docket No. 104.)

On February 14, 2019, Plaintiff filed a motion to amend the complaint to add new

claims. (Docket No. 112.) Defendants filed an opposition, (Docket No. 113), and Plaintiff filed a reply, (Docket No. 120). In their opposition, Defendants also request the dispositive motion briefing schedule be reset. (Docket No. 113 at 6-7.)

**DISCUSSION**

**A.     Motion to Amend**

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). "'"In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be "freely given."'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (citations omitted). Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co.*, 42 F.3d at 566; *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Plaintiff moves to amend the complaint "based upon repeated highly retaliatory, punitive acts of CDCR employees against him & even his elderly & ill mother; and other family members when they visit; and tampering [Plaintiff's] confidential mail." (Docket No. 112 at 1.) He wishes to further supplement the second amended complaint and supplemental, or alternatively, treat his motion as a "Rule 60 motion," in order to add

2

claims and defendants which he asserts that the Court erred in failing to include thus far this action. (*Id.*)

Defendants first oppose the motion to amend with respect to Plaintiff's request that the Court reconsider its past screening orders. (Opp. at 4.) Defendants point out that the Court permitted Plaintiff to plead well beyond the contours of his original 17-page complaint (drafted by retained counsel) to add new causes of action and Defendants in a 676-page second amended complaint. (*Id.*) Defendants assert that the Court was well within its authority to strike Plaintiff's "tome" in its entirety, but that it painstakingly evaluated the lengthy SAC. (*Id.*) In reply, Plaintiff asserts that the SAC was 220 pages (the remainder being exhibits), and that he "went to extreme measures to detail the many crimes and torts committed against him." (Reply at 6.)

Secondly, Defendants oppose Plaintiff's motion for attempting to add wholly new claims and defendants. (Opp. at 5.) Defendants point out that Plaintiff seeks to add claims of continuing misconduct occurring after the underlying February 4, 2012 incident (assault by another inmate) which is the basis of this action. Plaintiff incorporates by reference his "motion for appointment of counsel," (Docket No. 111), in which he alleges conduct by mostly previously unidentified staff, including problems his mother recently had with a family visit. (*Id.*) Defendants assert that these new claims should be rejected to Plaintiff filing them in a new lawsuit, if he so sees fit. (*Id.*) In reply, Plaintiff asserts that the newly identified defendants are not "unrelated claims against different defendants," but rather "friends of current defendants, acting on behalf of current Defendants – in attempts to further punish [Plaintiff] for suing current Defendants." (Reply at 7.)

Plaintiff filed this motion to amend six months after the Court screened the SAC and supplemental pleading. Accordingly, it cannot be said that this motion under Rule 60 was made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Court cannot ignore the fact that Plaintiff waited months after the action was served on Defendants to file a motion to incorporate any overlooked claims. Accordingly, the Court finds that Plaintiff

3

has caused undue delay in filing this motion to correct any alleged oversight by the Court in its previous screening orders.

With respect to the motion to add further supplemental pleading, the court may permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The power to grant supplemental pleadings is discretionary and upon such terms as are "just." *Id.* While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action. *See Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in the original pleading. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Leave to file a supplemental complaint therefore may not be granted where the supplemental complaint involves a new and distinct cause of action that should be the subject of a separate suit. *See Neely*, 130 F.3d at 402 (abuse of discretion to allow plaintiffs to supplement complaint after final judgment to attack newly amended statute).

The Court finds the new claims raised by Plaintiff should be the subject of a separate suit because they do not relate to the claims set forth in the original pleading. Plaintiff asserts that the claims and defendants are related because the new defendants are allegedly friends of the current Defendants, and that these new defendants are acting on behalf of their "friends" in attempting to punish Plaintiff for suing them. (Reply at 7.) Even if such conclusory allegations were true, Plaintiff has not established that this new conduct by new defendants are related to the claims set forth in the original pleading or even the amended complaint. *See Keith*, 858 F.2d at 474. The only cognizable claims from the amended complaint was an Eighth Amendment claim for failure to protect Plaintiff from an assault by an inmate on February 4, 2012, along with some related state law claims. (Docket No. 38.) Plaintiff's new claims involve allegations of interference with his legal mail, a challenge to a false Rules Violation Report, and harassment of

4

Plaintiff's family members. (Docket No. 111.) Clearly, these new claims based on conduct by newly named defendants has no relation to the claims raised in the original pleadings. Accordingly, the Court finds that these allegations involve new and distinct causes of action that should be the subject of a separate suit. *See Neely*, 130 F.3d at 402.

Based on the reasons discussed above, Plaintiff's motion to amend and supplement the complaint is **DENIED**. Briefing shall proceed on the cognizable claims in the schedule set forth below. *See infra* at 6.

B. **Motion for Declaration of Rights Under Marsy's Law**

Plaintiff has filed a motion titled "Marsy's Law motion filed pursuant to declaratory judgment act (28 U.S.C. § 2201) requesting declaration of rights to have Plaintiff's Marsy's Law rights declared and enforced in this honorable court." (Docket No. 121.) Plaintiff seeks the enforcement of his rights under this law, also known as the "Victims' Bill of Rights," against Defendants in this action. Plaintiff also makes a renewed motion for appointment of counsel. (*Id.*)

Defendants oppose the motion, asserting that Marsy's Law protects victims of crimes and provides them with enumerated rights in pending criminal proceedings. (Docket No. 132 at 1, citing Cal. Const. art. 1, § 28(a)(8).) It does not authorize victims to initiate standalone criminal prosecution, nor does it authorize relief in civil proceedings against public employees, as in this action. (*Id.*) In reply, Plaintiff repeats his assertions that he is a "victim" and is entitled to the protections under Marsy's Law. (Docket No. 136.)

Plaintiff is simply mistaken. In the context of this civil action, Plaintiff is not a "victim" which entitles him to the protections under Marsy's Law. None of the Defendants in this action are "defendants" in a criminal prosecution involving a crime against Plaintiff in the state of California. Nor does the assertion of Marsy's Law warrant reconsideration of the Court's denial of appointment of counsel thus far in this action. (*See* Docket Nos. 46, 49, 98.) Accordingly, the motion for declaration of rights under Marsy's

5

Law is DENIED as inapplicable. The renewed motion for appointment of counsel is DENIED for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*,113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

C.     **Motion Seeking Permission to File Addendum**

Plaintiff filed a motion seeking permission to file an addendum to his documents filed under Docket Nos. 120, 121, 122, 123, and 124, along with exhibits. (Docket Nos. 140, 138.) Docket No. 120 is Plaintiff's reply to Defendants' opposition to Plaintiff's motion to amend, Docket No. 121 is Plaintiff's motion for declaration of rights under Marsy's Law, Docket Nos. 122 and 123 are Plaintiff's reply to Defendants' response to his request for production of documents, and Docket No. 124 is Plaintiff's declaration "countering Declaration of K. Stinson & Erin Cervantes in Support of the Assertion of Official Information Privilege." With respect to Docket Nos. 120 and 121, the motion is DENIED because the relevant motions became submitted upon the filing of Plaintiff's reply; if Plaintiff wanted the Court to consider any "additional" information or argument with respect to his "Marsy's Law" motion, he should have included it with his reply, (Docket No. 136.) With respect to Docket Nos. 122, 123, and 124, these papers involve disputes over discovery, and it is unclear what action Plaintiff seeks from the Court with the filing of these papers. Be that as it may, Plaintiff's motion is GRANTED to the extent he wants these papers filed in this matter.

Meanwhile, the Court notes that Defendants have also filed a motion to compel Plaintiff's responses to written discovery to which Plaintiff has yet to file opposition. (Docket No. 135.) Clearly, discovery issues abound. As this matter is proceeding on the merits, the parties are reminded of their obligation to comply with all discovery requests pursuant to the Federal Rules of Civil Procedure. (*See* Docket No. 69 at 14.)

///

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for leave to amend or supplement his complaint is **DENIED**. (Docket No. 112.) Briefing shall proceed on the cognizable claims in accordance with the Court's order of service, (Docket No. 69), with the clarification provided in the subsequent order, (Docket No. 91).

2. Plaintiff's motion for declaration of rights under Marsy's Law is **DENIED**. (Docket No. 121.) Plaintiff's motion to file an addendum is **GRANTED IN PART** and **DENIED IN PART**. (Docket No. 140.)

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the second amended complaint and supplemental found to be cognizable in this action.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. All relevant portions of the Court's order of service with respect to briefing and discovery shall remain in effect. (Docket No. 69 at 13-14.)

This order terminates Docket Nos. 112, 121, and 140.

**IT IS SO ORDERED.**

**Dated:** September 3, 2019

BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. to Amend; Pending Motions
PRO-SE\BLF\CR.14\00166Panah_deny.amend