UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual,<br>    Plaintiff,<br>v.<br>STATE OF CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br>    Defendants. | Case No. 14-00166 BLF (PR)<br><br>**ORDER OF NOTICE REGARDING INFORMATION FOR UNSERVED DEFENDANTS** |

Plaintiff, an inmate on death row at California's San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. Plaintiff's second amended complaint, (Docket No. 54, *hereinafter* "SAC"), combined with the supplemental complaint, (Docket No. 67), is the operative complaint in this action. The Court screened the papers and found they contained several cognizable claims and ordered service on Defendants. This order addresses three remaining Defendants who have not yet been located and served in this action since the last Court order: Lt. Jackson, AW Moore, and CDW Rodriguez. (*See* Docket No. 119.)

Plaintiff was directed to provide sufficient information to serve the matter on

Defendants Moore and Rodriguez, who are presently not employed by the CDCR. (*Id.*; Docket No. 113 at 6.) Plaintiff filed a response, indicating that he wrote letters dated July 23, 2019, requesting current addresses for these Defendants from third parties. (Docket No. 134 at 3-4.) Lastly, the Litigation Coordinator at SQSP has filed notice that Defendant Jackson is now retired and cannot be served with this action. (Docket No. 133.)

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, the current addresses for Defendants Moore, Rodriguez, and Jackson have not been provided by Plaintiff such that the Marshal may effect service. Because Plaintiff's complaint has been pending for over 90 days, the claims against Defendants Moore, Rodriguez, and Jackson are subject to dismissal without prejudice absent a showing of "good cause." *See* Fed. R. Civ. P. 4(m).

Plaintiff is advised that if the Court does not receive address information for Defendants Moore and Rodriguez from the third parties by September 17, 2019, which is eight weeks from the date of his written requests, the claims against Defendants Moore and Rodriguez will be dismissed without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Furthermore, for the foregoing reasons, Plaintiff shall file a notice providing the Court with more information regarding the current whereabouts of Defendant Jackson such that the Marshal is able to affect service. If Plaintiff fails to provide the Court with the information requested **within twenty-eight (28) days** of the date this order is filed, Plaintiff's claims against Defendant Jackson shall also be dismissed without prejudice

2

pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**Dated:** September 3, 2019

BETH LABSON FREEMAN
United States District Judge