UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 14-00166 BLF (PR)<br><br>**ORDER GRANTING MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' WRITTEN DISCOVERY; DENYING RENEWED MOTION TO APPOINT COUNSEL; GRANTING EXTENSION OF TIME TO FILE RESPONSE TO COURT ORDER**<br><br>(Docket Nos. 135, 144, 147) |

Plaintiff, an inmate on death row at San Quentin State Prison ("SQSP") proceeding *pro se*, filed a second amended complaint pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. The Court found several of Plaintiff's claims cognizable, and scheduled briefing on the matter. (Docket No. 69.) Defendants filed a motion to compel Plaintiff's responses to written discovery which is unopposed. (Docket Nos. 135, 146.) Plaintiff has filed another renewed motion for appointment of counsel. (Docket No. 144.) Lastly, Plaintiff has filed a motion for extension of time to respond to the court order directing him to provide addresses for unserved Defendants. (Docket No. 147.)

Defendants move the Court under Federal Rule of Civil Procedure 37 to compel Plaintiff to respond to their first set of written discovery. (Docket No. 135.) Defense

counsel Allison M. Low certifies that she served interrogatories and requests for production of documents on Plaintiff on June 27, 2019; she received no response from Plaintiff. (*Id.* at 1; Low Decl. ¶ 2, Ex. A.) Ms. Low wrote Plaintiff on August 13, 2019, inquiring on the status of the discovery requests, and again received no response. (*Id.*; Low Decl. ¶ 3, Ex. B.) Plaintiff has filed no opposition to Defendants' motion to contradict counsel's assertions regarding his failure to comply with their requests for discovery. Accordingly, having shown that they first attempted in good faith to confer with Plaintiff pursuant to Rule 37, Defendants' motion to compel is **GRANTED**. Defendants are directed to re-serve Plaintiff with their requests for written discovery within seven (7) days from the filing of this order. Plaintiff shall provide his response within thirty days of the date of service of the demand. Fed. R. Civ. P. 26(a)(1)(C), 33(b)(2). **<u>Failure to comply with this order by providing a response to Defendants' written discovery may result in the imposition of sanctions.</u>** Fed. R. Civ. P. 37(d).

Plaintiff has filed a renewed motion for appointment of counsel. (Docket No. 144.) Plaintiff has already been informed that appointment of counsel is granted only in exceptional circumstances. (*See* Docket Nos. 46, 98, 118); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff claims that he suffers from a vision impairment and that prison officials have failed to provide him with a new pair of glasses; he states that he is managing with his old pair of glasses with its "outdated" prescription. Nevertheless, Plaintiff continues to demonstrate to his ability to proceed *pro se* in this action by his numerous and extensive filings, including the motions addressed herein, despite the challenges he alleges. (*Id.*) Accordingly, for the same reasons the previous motions were denied, (Docket Nos. 46, 98, 118), this renewed motion is DENIED for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,113* F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff filed a motion for an extension of time to respond to the Court's order,

2

(Docket No. 142), directing him to file information for unserved Defendants. (Docket No. 147). Plaintiff states that the prison is on a complete lockdown that may last up to three weeks. (Docket No. 147.) He requests an extra sixty days, up to November 17, 2019, to comply with the court order. (*Id.*) Good cause appearing, his request is GRANTED. Plaintiff's reply shall be filed **no later than November 17, 2019**. **Failure to respond in that time shall result in the dismissal of the unserved Defendants Lt. Jackson, AW Moore, CDW Rodriguez and under Rule 4(m) of the Federal Rules of Civil Procedure.** (Docket No. 142.)

This order terminates Docket Nos. 135, 144, and 147.

**IT IS SO ORDERED.**

**Dated: October 4, 2019**

BETH LABSON FREEMAN
United States District Judge

Order Granting M. to Compel; Deny Appt. of Counsel; Grant EOT to File Response
PRO-SE\BLF\CR.14\00166Panah_deny.atty4.motions

3