UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 14-00166 BLF (PR)<br><br>**ORDER REQUESTING DEFENDANTS TO PROVIDE PLAINTIFF WITH COPIES OF DOCUMENTS TO ENABLE HIS RESPONSE TO WRITTEN DISCOVERY; GRANTING MOTION TO COMPEL PLAINTIFF'S RESPONSE**<br><br>(Docket Nos. 150, 151) |

Plaintiff, an inmate on death row at San Quentin State Prison ("SQSP") proceeding *pro se*, filed a second amended complaint pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. The Court found several of Plaintiff's claims cognizable, and scheduled briefing on the matter. (Docket No. 69.) On October 4, 2019, the Court granted Defendants Anderson, Odom, and Welton's motion to compel Plaintiff's response to their first set of written discovery, (Docket No. 135). and directed them to re-serve the request on Plaintiff. (Docket No. 148.) Plaintiff was advised to respond to Defendants' within thirty days of service. (*Id.* at 2.)

On October 28, 2019, Plaintiff filed a "status report," stating that Defendants are "obstructing Plaintiff's ability to comply with court's 'order.'" (Docket No. 151.) In his

response, Plaintiff alleges that "Defendants SQSP/CDCR officials" stole his case related legal documents, and that he is now being ordered to produce these very documents and information which they stole from him and his typist. (*Id.*) Plaintiff requests a court order to provide him copies of the complaint, FAC, SAC, supplemental, and the "original complaint & FAC." (*Id.*)

    Plaintiff's request for copies is **GRANTED**. In order to enable Plaintiff to respond to their written discovery, Defendants' counsel is requested to provide Plaintiff with copies of the documents he requests from this action, i.e., the original complaint (Docket No. 1), the FAC (Docket No. 26), the SAC (Docket No. 54), and the Supplemental (Docket No. 67). Defendants are requested to mail copies of the requested documents within seven days from the date of this order, and file notice with the Court they have complied with the request; no re-service of their discovery request is necessary since Plaintiff clearly received Defendants' request. **Plaintiff shall provide his discovery response to Defendants within thirty days of the date Defendants file their notice of compliance with the Court.** Fed. R. Civ. P. 26(a)(1)(C), 33(b)(2). <u>**Failure to comply with this order by providing a response to Defendants' written discovery may result in the imposition of sanctions.**</u> Fed. R. Civ. P. 37(d).

    Defendants Givens, McClelland, Robberecht, Hamilton, Luna, Chappell, and Ebert have also filed a separate motion to compel Plaintiff's responses to written discovery. (Docket No. 150.) Defense counsel Allison M. Low certifies that she served interrogatories and requests for production of documents on Plaintiff on August 29, 2019, and received no response. (*Id.* at 1; Low Decl. ¶ 2, Ex. A.) On October 1, 2019, she wrote Plaintiff inquiring on the status of his response, providing him a second copy of the written discovery, and still received no response. (*Id.*; Low Decl. ¶ 3, Ex. B.) Plaintiff has filed no opposition to Defendants' motion to contradict counsel's assertions regarding his failure to comply with their requests for discovery. Accordingly, having shown that they first attempted in good faith to confer with Plaintiff pursuant to Rule 37, Defendants'

motion to compel is **GRANTED**.  Defendants are directed to re-serve Plaintiff with their requests for written discovery within seven (7) days from the filing of this order.  Plaintiff shall provide his response within thirty days of the date of service of the demand.  Fed. R. Civ. P. 26(a)(1)(C), 33(b)(2).  **Failure to comply with this order by providing a response to Defendants' written discovery may result in the imposition of sanctions.**  Fed. R. Civ. P. 37(d).

This order terminates Docket No. 150 and 151.

**IT IS SO ORDERED.**

Dated: _November 13, 2019_

_____
BETH LABSON FREEMAN
United States District Judge