UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 14-00166 BLF (PR)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY; GRANTING MOTION FOR LEAVE TO FILE SUCCESSIVE DISPOSITIVE MOTIONS; GRANTING MOTION TO DEFER BRIEFING ON PLAINTIFF'S MOTION TO COMPEL AND STAYING MOTION**<br><br>(Docket Nos. 159, 164, 165, 167) |

Plaintiff, an inmate on death row at San Quentin State Prison ("SQSP") proceeding *pro se*, filed a second amended complaint pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. The Court found several of Plaintiff's claims cognizable, and scheduled briefing on the matter. (Docket No. 69.) On October 4, 2019, the Court granted Defendants Anderson, Odom, and Welton's motion to compel Plaintiff's response to their first set of written discovery, (Docket No. 135). and directed them to re-serve the request on Plaintiff. (Docket No. 148.) Plaintiff was advised to respond to Defendants' within thirty days of service. (*Id.* at 2.) The Court thereafter granted Plaintiff's request for copies, (Docket Nos. 151, 153), and Defendants filed notice of compliance with the court order in re-serving on Plaintiff all their interrogatories and requests for productions of documents along with copies of Plaintiff's various filings in

this matter, i.e., his original complaint, first amended complaint, second amended complaint, and supplement thereto. (Docket No. 154.) The Court addresses several pending motions in this matter below.

**DISCUSSION**

**I. Pending Motions**

Plaintiff has filed another motion to compel discovery and for the Court to review documents previously filed under Docket Nos. 122, 123, 124, 138, 139, and 140, in considering his motion. (Docket No. 158.) Plaintiff also filed a motion for a temporary restraining order, (Docket No. 159), to which Defendants filed a response, (Docket No. 160). Furthermore, Defendants have filed notice that counsel received service of Plaintiff's request, dated December 11, 2019, for an extension of time to comply with the Court's discovery order; Plaintiff requests until February 17, 2020, to complete his response to Defendants' discovery. (Docket No. 161.) At the same time, Defendants filed a motion for sanctions against Plaintiff. (Docket No. 162.) More recently, Plaintiff has filed a motion for extension of time to respond to discovery, and additional time to respond to Defendants' motion for sanctions. (Docket No. 167, 166.) Defendants also filed a motion to dismiss several of Plaintiff's claims, along with a motion for leave to file successive dispositive motions. (Docket Nos. 163, 164.) Lastly, Defendants move to defer briefing on Plaintiff's motion to compel pending the Court's ruling on their motion for sanctions and motion to dismiss. (Docket No. 165.)

**A. Motion for Temporary Restraining Order**

Plaintiff moves for a temporary restraining order against the Warden of SQSP and its employees "to cease opening Panah's incoming and outgoing confidential legal mail outside of [his] presence" and to stop delays in his confidential mail and prevent thefts thereof. (Docket No. 159.)

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a

2

preliminary injunction or temporary restraining order ("TRO"). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Plaintiff has failed to establish any of the above factors for issuance of a TRO. In particular, Plaintiff has not established likelihood of success on the merits in the face of Defendants having filed a motion to dismiss several of Plaintiff's claims as untimely which appears to be meritorious. (Docket No. 163.) Accordingly, the motion for a TRO is **DENIED**.

### B. Motion for Leave to File Successive Dispositive Motions

Defendants filed a motion to dismiss several of Plaintiff's claims under Federal Rule 12(b)(6), (Docket No. 163), along with a concurrent motion for leave to file successive dispositive motions to address the remaining claims, (Docket No. 164). Defendants point to Plaintiff's lack of compliance with their discovery requests as a hindrance to their ability to file a single dispositive motion addressing all the claims. (Docket No. 164 at 3.) Defendants have shown good cause for their desire to move forward with procedural defenses on some of the claims, and to be permitted to move for summary judgment on the remainder of Plaintiff's claim. Accordingly, their motion for leave to file successive dispositive motions is **GRANTED**.

Briefing on Defendants' motion to dismiss shall proceed as set forth below. *See infra* at 5.

3

**C. Motion for Sanctions and Motion for Extension of Time**

Defendants filed a motion for sanctions against Plaintiff by dismissal of all his claims against them based on Plaintiff's refusal to respond to basic contention discovery and the Court's multiple orders compelling the same. (Docket No. 162.) More recently, Plaintiff has filed a motion for extension of time to respond to discovery, and additional time to respond to Defendants' motion for sanctions. (Docket No. 167, 166.)

Specifically, Plaintiff requests until March 31, 2020, to comply with discovery. (Docket No. 167.) Good cause appearing, the motion is **GRANTED**. This is the **final** extension of time to comply with Defendants' discovery requests that will be granted to Plaintiff. **No further requests shall be considered or granted.**

In addition, Plaintiff may file an opposition to Defendants' motion for sanctions **no later than fourteen (14) days** from the date this order is filed.

Plaintiff is advised that should he fail to comply with Defendants' discovery requests **by March 31, 2020**, the Court will consider granting Defendants' motion for sanctions and dismiss any remaining claims after Defendants' motion to dismiss has been decided.

**D. Motion to Defer Briefing on Plaintiff's Motion to Compel**

Defendants request the Court defer briefing on Plaintiff's motion to compel until after the Court decides their motion for terminating sanctions and motion to dismiss. (Docket No. 165.) Defendants assert that decisions on these pending motions may terminate the litigation altogether or substantially narrow the Defendants, the claims at issue, and the scope of discovery. (*Id.* at 3-4.) Defendants also point to Plaintiff's failure to respond to their basis contention discovery and the Court's multiple orders compelling the same. (*Id.* at 4.) The Court finds Defendants have satisfied the requirements for a motion to change time under Local Rule 6-3, and that deferring briefing on Plaintiff's motion to compel is warranted under these circumstances. N.D. Cal. Civ. Pr. 6-3(a)-(d). Plaintiff has filed no opposition. Accordingly, Defendants' motion to defer briefing is

United States District Court
Northern District of California

GRANTED.  Briefing on Plaintiff's motion to compel is hereby STAYED until the Court sets forth a new briefing schedule, if appropriate, at a later time.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for a temporary restraining order is **DENIED**.  (Docket No. 159.)

2. Defendants' motion for leave to file successive dispositive motions is **GRANTED**.  (Docket No. 164.)

3. Defendants filed a motion to dismiss on February 5, 2020.  (Docket No. 163.)  Accordingly, Plaintiff's opposition to Defendants' motion to dismiss is due **no later than twenty-eight (28) days** from that date, i.e., **by March 4, 2020**.  (Docket No. 69 at 13.)  Defendants shall file a reply brief **no later than fourteen (14) days** after Plaintiff's opposition is filed.

4. Plaintiff's request for an extension of time until **March 31, 2020**, to comply with discovery is **GRANTED**.  (Docket No. 167.)  This is a **final** extension of time, and **no further requests shall be considered or granted.**

Plaintiff may file an opposition to Defendants' motion for sanctions **no later than fourteen (14) days** from the date this order is filed.

5. Defendants' motion to defer briefing on Plaintiff's motion to compel is **GRANTED**.  (Docket No. 165.)  The Clerk shall STAY the motion to compel, (Docket No. 158), until the Court sets forth a new briefing schedule.

This order terminates Docket Nos. 159, 164, 165, and 167.

**IT IS SO ORDERED.**

Dated:  February 20, 2020

BETH LABSON FREEMAN
United States District Judge

Order Addressing Pending Motions
PRO-SE\BLF\CR.14\00166Panah_mots