UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No. 14-00166 BLF (PR)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE SUPPLEMENTAL BRIEFING; STRIKING SUPPLEMENTAL BRIEFING; DENYING MOTION FOR DISCOVERY; GRANTING MOTION TO FILE UNDER SEAL**<br><br>(Docket Nos. 171, 185, 187) |

Plaintiff, an inmate on death row at California's San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. The Court addresses several pending matters below.

**DISCUSSION**

A.　**Motion for Extension of Time to File Supplemental Briefing**

On February 5, 2020, the Defendants filed a motion to dismiss. Dkt. No. 163. On March 18, 2020, Plaintiff filed opposition with exhibits, totaling 90 pages in length, Dkt. No. 177, and then a notice of errata on March 23, 2020, to make corrections to his

opposition, Dkt. No. 184.  Defendants filed a reply on March 26, 2020.  Dkt. No. 179.  Then on March 31, 2020, Plaintiff filed a supplemental briefing, construing his recent receipt of the Court's order granting him an extension of time, Dkt. No. 176, as license to do so.  Dkt. No. 181.  He again filed additional arguments in support of his opposition brief with his response to discovery on April 9, 2020.  Dkt. No. 182.

Then on April 30, 2020, Plaintiff filed a request for a stay on the ruling of Defendants' motion to dismiss due to the global pandemic, seeking ninety days to submit a supplemental opposition.  Dkt. No. 185.  Defendants oppose the motion, asserting that Plaintiff not only has already filed an 87-page opposition, but filed several additional papers thereafter.  Dkt. No. 186, citing Dkt. Nos. 177, 181, 182.  Plaintiff asserts in his reply to Defendants' opposition that he should be given more "breathing room" as a pro se litigant, that Defendants' evidence is not credible, and that he needs more time to gather more supporting cases.  Dkt. No. 189.

The Court finds no good cause to grant Plaintiff's motion.  Defendants' motion to dismiss became submitted before prisons began to adjust and limit programs due to COVID-19, and Plaintiff made no indication in his initial opposition or supplementals filed through April 9, 2020, that he was unable to prepare adequate papers.  Plaintiff may not argue now that changed circumstances should delay ruling on a matter that became submitted before such challenges arose.  Furthermore, Plaintiff has already been granted much leeway in this matter, including being permitted to file excessively lengthy briefs and exhibits, and his pro se status simply does not entitle him to endless briefing.  With respect to the credibility of Defendants' evidence, Plaintiff had ample opportunity to challenge it in his original opposition.  Dkt. No. 177.  Lastly, Plaintiff provides no explanation as to why the cases he relies on in his 63-page long opposition brief is inadequate such that he needs to provide more cases.  Based on the foregoing, the Court finds no good cause to allow Plaintiff to submit additional briefing on Defendants' motion to dismiss.  Accordingly, Plaintiff's motion for an extension of time and stay is DENIED.

2

Dkt. No. 185.

Furthermore, the Local Rules provide that once a reply is filed, "no additional memoranda, papers or letters may be filed without prior Court approval" except to file an objection to new evidence submitted in the reply or to bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed. Civil L.R. 7-3(d)(1), (2). An objection to reply evidence must be filed and served not more than 10 days after the reply was filed. *Id.* The Court notes that Plaintiff filed several supplemental responses and rebuttals on June 9, 2020, June 24, 2020, and August 7, 2020, which is long after the 10-day period had expired after Defendants filed their reply on March 26, 2020. Dkt. Nos. Dkt. Nos. 189, 190, 191, 193, 198. Nor did Plaintiff seek and obtain prior Court approval before filing these additional briefs, and his motion for extension of time to do so has been denied. *See supra* at 2. Accordingly, Plaintiff's supplemental responses and rebuttals filed on June 9, 2020, June 24, and August 17, 2020, shall be STRICKEN as unpermitted sur-replies. Dkt. Nos. 189, 190, 191, 193, 198. Defendants' motion to dismiss is deemed submitted, and no further briefing shall be accepted on the matter unless by court order.

**B.     Motion for Discovery**

On May 26, 2020, Plaintiff filed a "notice of motion and motion for discovery," which includes a copy of a letter dated May 12, 2020, to Defendants' counsel requesting additional discovery. Dkt. No. 187 at 2. On May 29, 2020, Defendants filed a response to the motion, stating that Plaintiff served them with a request for production of documents on May 20, 2020. Dkt. No. 188. Defendants assert that they have thirty-three days to respond, and therefore Plaintiff's motion to compel is premature. *Id.* In reply, Plaintiff asserts that his discovery request includes those he previously requested in a prior motion to compel. Dkt. No. 192, citing to Dkt. No. 158. However, the Court granted Defendants' motion to defer briefing on that motion to compel until after the Court decides their motion to dismiss and for sanctions, and stayed briefing. Dkt. No. 168. Plaintiff may not

3

circumvent that order by essentially filing another motion to compel. Accordingly, Plaintiff's motion for discovery is DENIED as premature with respect to new requests, and without prejudice with regards to the old requests pending the Court's consideration of Defendants pending motions.

C. **Motion to File Under Seal**

Plaintiff filed a motion to file under seal documents containing private mental-health records. Dkt. No. 171. Good cause appearing, the motion is GRANTED.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for extension of time to file additional supplemental briefing is **DENIED**. Dkt. No. 185. The sur-replies that were filed under Docket Nos. 189, 190, 191, 193, 198 shall be **STRICKEN**.

2. Plaintiff's motion for discovery is DENIED as premature and without prejudice pending the Court's consideration of Defendants' motions for sanctions and to dismiss. Dkt. No. 187.

3. Plaintiff's motion to file private health documents under seal is GRANTED. Dkt. No. 171.

This order terminates Docket Nos. 171, 185, and 187.

**IT IS SO ORDERED**

Dated: __August 21, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order Addressing Pending Mots.
PRO-SE\BLF\CR.14\00166.Panah_disc&surreply