UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 14-00166 BLF (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR PROTECTIVE ORDER AND APPOINTMENT OF COUNSEL; DENYING MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' MOTIONS FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION AND TO COMPEL PLAINTIFF'S DEPOSITION**<br><br>(Docket Nos. 218, 219, 222) |

Plaintiff, an inmate on death row at San Quentin State Prison ("SQSP") proceeding *pro se*, filed a second amended complaint pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. Dkt. Nos. 54, 67. On September 29, 2020, the Court granted Defendants' motion to dismiss claims as untimely and ordered briefing on the only remaining timely claim, *i.e.*, an Eighth Amendment claim for deliberate indifference to safety against Defendants Anderson and Odom based on the February 4, 2012 stabbing. Dkt. No. 206 at 31.

Plaintiff filed a motion for a protective order against Defendants from taking his deposition until certain demands are met. Dkt. No. 218. Defendants filed opposition and

move to compel Plaintiff's deposition testimony. Dkt. No. 221.[1] Plaintiff has also filed a motion for reconsideration of the court order granting Defendants' motion to dismiss, Dkt. No. 206. Dkt. No. 219.[2] Defendants filed opposition to that motion as well. Dkt. No. 220. Defendants then filed a motion for an extension of time to file a dispositive motion on the remaining claim and repeat their request to compel Plaintiff's deposition. Dkt. No. 222.[3]

## DISCUSSION

**A.     Motion for Protective Order and Motion to Compel**

Plaintiff's "emergency" motion to stop Defendants from deposing him was filed on November 16, 2020. Dkt. No. 218. However, Plaintiff's deposition was scheduled to take place the next day, on November 17, 2020. Dkt. No. 215. Although Plaintiff appeared for the deposition, Defendants had to suspend it because Plaintiff objected and refused to answer questions. Dkt. No. 220 at 4, 6.

Plaintiff objects to Defendants taking his deposition and requests a protective order based on the following: (1) Defendants are "attempting to circumvent orderly scheduled proceedings," Dkt. No. 218 at 1; (2) Defendants have not been granted leave to do so pursuant to Rule 30(a)(2)(A), and he has already been "constructively" deposed by the "numerous interviews and intensive interrogations" into the incident, *id.*, at 2, 5; (3) his deposition is premature and contrary to prior court orders, *id.* at 3; (4) there are pending motions before the Court, *id.*; and (5) as a death penalty inmate, he has a statutory right to meaningful representation in any post-conviction legal proceeding, *id.*

Rule 26(b) of the Federal Rules of Civil Procedure provides specific exemptions

---

[1] All references to "ECF No. 217" in Defendants' opposition are to the newly numbered Docket No. 218. *See infra* at 4, fn. 4.

[2] All references to "ECF No. 218" in Defendants' opposition are to the newly numbered Docket No. 219. *See infra* at 4, fn. 4.

[3] All references to "ECF. No. 217 "and "ECF No. 220" are to newly numbered Docket Nos. 218 and 221, respectively.

2

1  from initial disclosures, and Rule 30 provides instructions regarding depositions. The
2  Court may limit discovery in the following circumstances: (1) the discovery is irrelevant or
3  disproportionate to the needs of the case in light of the issues at stake, the amount in
4  controversy, parties' access to information, importance of the discovery in resolving the
5  issue, and whether the benefits outweigh its burden; (2) the discovery is "unreasonably
6  cumulative or duplicative"; or (3) the party seeking discovery already had "ample
7  opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2),
8  30(d)(3)(b). None of the reasons asserted by Plaintiff in his motion entitles him to any of
9  these limitations or exemptions to discovery.
10      With regards to the first, second, and third arguments, the Court has already
11  authorized discovery in this matter, and ordered that no further court order under Rule
12  30(a)(2) or Local Rule 16-1 was required in that respect. Dkt. No. 69 at 14. The Court
13  directed that this matter would proceed on the sole remaining claim against Defendants
14  Anderson and Odom, and that all other provisions of the Court's Order of Service, Dkt.
15  No. 69, would remain in effect, which includes the provision regarding discovery. Dkt.
16  No. 206 at 31. Therefore, these arguments are without merit.
17      With regards to the second argument that Plaintiff has already been "constructively"
18  deposed and therefore the deposition would be duplicative, Defendants assert that their
19  deposition would include different questions and topics from the CDCR's investigation
20  into the incident, and that their interest in a civil lawsuit for money damages differ from
21  the prison's interest in investigating an assaultive incident between inmates. Dkt. No. 220
22  at 3. Furthermore, Defendants point out, Plaintiff's prior statements to non-parties were
23  not necessarily made under the penalty of perjury for purposes of litigation; they assert that
24  they should be given the opportunity to fully defend their interests. *Id.* Lastly, Defendants
25  assert that Plaintiff's deposition is a necessary step for them to assess the evidence in this
26  case, and his deposition is the most efficient and the least burdensome method to achieve
27  this goal. *Id.* The Court agrees that Plaintiff's deposition would not necessarily be
28

3

duplicative of other interviews he had with prison officials regarding the incident and that it would not be burdensome. Rather, Plaintiff's deposition would be the most efficient method to assess the evidence, especially in light of Plaintiff's history of thwarting and delaying Defendants' discovery in other respects, and his direct testimony on the incident is clearly relevant to Plaintiff's claim. Accordingly, Plaintiff's argument in this regard is also not persuasive.

Plaintiff's fourth argument regarding pending motion is moot because the Court has since ruled on all discovery related motions in this matter. *See* Dkt. No. 217.[4]

Lastly, Plaintiff is mistaken that his status as a death penalty inmate entitles him to representation in "any" post-conviction legal proceedings. Plaintiff relies on 18 U.S.C. § 3599. Dkt. No. 218 at 3. However, § 3599 only pertains to criminal proceedings involving a death penalty defendant who is "seeking to vacate or set aside a death sentence." 18 U.S.C. § 3359(a)(1), (2). The instant action filed under § 1983 is based on prison conditions and does not impact nor involve Plaintiff's underlying criminal conviction and death sentence. As such, Plaintiff must show that extraordinary circumstances warrant appointment of counsel. *See Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 198). As the Court has held numerous times already, Plaintiff has failed to make such a showing. *See* Dkt. Nos. 46, 98, 118, 217. On the contrary, Plaintiff continues to demonstrate his ability to vigorously represent himself in this matter. Accordingly, the renewed motion for appointment of counsel is DENIED for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

---

[4] It recently came to the Court's attention that the incorrect order had been filed under Docket No. 216, on November 16,2020. The amended order filed under Docket No. 217 is the operative order.

4

Based on the foregoing, Plaintiff's motion for a protective order is DENIED. Consistent with the above discussion, Defendants' motion to compel Plaintiff's deposition is GRANTED.

**B.**   <u>**Motion for Reconsideration**</u>

Plaintiff filed a motion pursuant to "Rule 60(b)(1)(3)(6) & (d)(3)" or based on "FRCP 54(b)," requesting reconsideration of the Court's order granting Defendants' motion to dismiss under Docket No. 206.  Dkt. No. 219.

The Federal Rules of Civil Procedure do not provide for "Motions for Reconsideration"; such motions are created by local rules or practice.  In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment.  *See* Civil L.R. 7-9(a).  Therefore, post-judgment motions for reconsideration are construed as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or motions for relief from judgment or order under Federal Rule of Civil Procedure 60(b).  Furthermore, no pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court.  *See* Civil L.R. 7-9(a).  The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.  *See* Civil L.R. 7-9(b).  These requirements are similar to those under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment.  *See* Fed. R. Civ. P. 54(b).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered

5

evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Plaintiff did not first request leave of Court before filing the motion for reconsideration as required under Local Rule 7-9. As such, the Court will construe the motion as one for leave to do so and analyze whether he has satisfied the requirements discussed above. In addition, Plaintiff repeats arguments raised in previous motions, Dkt. Nos. 204, 208, which shall not be addressed herein since the Court has already considered and rejected those motions. *See* Dkt. No. 217. For the same reason, the Court rejects Plaintiff's first argument that the Court erred by not rendering a decision on Docket Nos. 204 and 205 before granting Defendants' motion to dismiss. Dkt. No. 219 at 6-8. As discussed in the last Court order, there were no adverse consequences for Plaintiff based on the striking of his several improperly filed sur-replies, and he had otherwise failed to establish any basis for reconsideration. Dkt. No. 217 at 3-4. The remainder of his arguments are addressed below.

Plaintiff claims error because neither the Court nor Defendants warned him under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998), or its progeny, about the statute of limitations. Dkt. No. 219 at 9-10, 12. Defendants assert that *Rand*-type warnings apply to motions for summary judgment, not motions to dismiss. Dkt. No. 220 at 2. Defendants are correct. But even if *Rand* applied, it does not specifically require a warning regarding the statute of limitations. *See Rand*, 154 F.3d at 960-961. Accordingly, this argument is without merit.

Plaintiff also asserts arguments based on *Celotex Corp. v. Cattrett*, 477 U.S. 317 (1986), Dkt. No. 219 at 11, which was cited in the Court's instructions at the end of its order regarding briefing on the remaining claim. Dkt. No. 206 at 32. That case was part of the Court's instructions to Plaintiff in preparing a response to any summary judgment motion that may be filed by Defendants Anderson and Odom on the remaining claim

6

against them, and not a standard for deciding Defendants' motion to dismiss. Accordingly, *Celotex* is not applicable to Plaintiff's motion for reconsideration as Defendants correctly assert. Dkt. No. 220 at 2.

Plaintiff also asserts that the Court was wrong with regards to its decisions involving California's six-month statute of limitations and statutory tolling. Dkt. No. 219 at 13, 18. Plaintiff is simply mistaken. There was no clear error in the Court's decision that his state claims were untimely, and that he is not entitled to statutory tolling under the state regulations. The case law that Plaintiff continues to erroneously rely on are simply outdated and no longer controlling since subsequent caselaw take precedent. *Id.* at 20; *see* Dkt. No. 206 at 10-11.

Plaintiff also argues that Defendants' motion to dismiss was "untimely" and "premature" because discovery matters were still pending. Dkt. No. 219 at 26-27, 33. However, as Defendants correctly assert, the standard of review in a motion to dismiss is unrelated to the status of discovery between the parties. Dkt. No. 220 at 3. Plaintiff fails to explain how more discovery would have cured the untimeliness of his claims rather than merely create undue delay.

Plaintiff also takes issue with the Court's dismissal of unserved Defendants Moore and Rodriguez. Dkt. No. 219 at 31. Plaintiff named Defendants Moore and Rodriguez with respect to a Fourteenth Amendment claim. Dkt. No. 106 at 18. The Court dismissed that claim in its entirety as untimely. *Id.* Accordingly, it cannot be said that it was clear error to dismiss unserved Defendants against whom no viable claims remained.

Plaintiff also repeats his arguments from his opposition papers that Defendants should have pleaded untimeliness earlier in these proceedings, that he is entitled to equitable estoppel, and wrong-doing by Defendants. Dkt. No. 219 at 18, 28, 39, 42. For example, Plaintiff asserts that exhaustion was relevant to deciding timeliness because the time he spent attempting to exhaust tolled the limitations period. Dkt. No. 219-22. However, in his opposition papers, Plaintiff repeatedly argued that he had completed

7

exhaustion, not that any of his untimely claims were tolled because he was attempting to exhaust, and there is no indication that he could not have properly raised this argument with the exercise of reasonable diligence. Dkt. No. 177 at 2-19. Accordingly, the Court will not revisit these issues which have been thoroughly reviewed and rejected. *See, e.g.,* Dkt. No. 206 at 14-15.

Based on the foregoing, Plaintiff has failed to establish any basis for reconsideration based on a material difference in fact or law from that which was presented to the Court, or the emergence of new material facts or change in law since the order was entered, or manifest failure of the Court to consider material facts that constitutes clear error. *See* Civil. L.R. 7-9(b); *School Dist. No. 1J*, 5 F.3d at 1263. Accordingly, the request for leave to file a motion for reconsideration of the Court's order granting Defendants' motion to dismiss is DENIED as without merit. Dkt. No. 219.

### C.     Motion for Extension of Time

Defendants move for an extension of time to file their dispositive motion, which is currently due by December 29, 2020, based on delays caused by Plaintiff's objections to his deposition. Dkt. No. 222. As mentioned above, Plaintiff was uncooperative at the deposition on November 17, 2020. *See supra* at 2. Defendants assert that Plaintiff's deposition is essential for them to understand the facts, allegations, and evidence in support of his claims. Dkt. No. 222-1 at 2. Defendants also assert that this is their first request for an extension of time to the Court's September 29, 2020 order, Plaintiff would not be prejudiced by the extension, and it is his refusal that is causing the delay. *Id.* Good cause appearing, the motion is GRANTED. Briefing shall proceed in accordance with the schedule set forth below.

## CONCLUSION

For the reasons discussed above, the Court orders as follows:

1.     Plaintiff's motion for a protective order against being deposed and renewed

8

request for appointment of counsel are **DENIED**.  Dkt. No. 218.

2.  Plaintiff's motion for reconsideration of the court order granting Defendants' motion to dismiss is **DENIED**.  Dkt. No. 219.

3.  Defendants' motion to compel Plaintiff's deposition is **GRANTED**. Defendants may proceed with rescheduling the deposition and provide Plaintiff with proper notice.  **Plaintiff is advised that failure to comply with Defendants' request to take his deposition may result in the imposition of sanctions under Federal Rule of Civil Procedure 37(d).**

Defendants' counsel is also reminded to strictly limit questions to the issues of this case, in light of the concerns expressed by Plaintiff's federal defender in his ongoing postconviction and clemency proceedings.  *See* Dkt. Nos. 215, 217.

4.  Defendants' motion for an extension of time to file a dispositive motion is **GRANTED**.  Dkt. No. 222.  Defendants' dispositive motion shall be filed **no later than March 29, 2021**.  Plaintiff's opposition shall be filed **no later than twenty-eight (28) days** from the date Defendants' motion is filed.  Defendants' reply shall be filed **no later than fourteen (14) days** from the date Plaintiff's opposition is filed.

5.  All other provisions in the Court's Order of Service, Dkt. No. 69, shall remain in effect.

This order terminates Docket Nos. 218, 219, and 222.

**IT IS SO ORDERED.**

Dated:  _December 17, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order Denying M. for Recon & Appt of Counsel; Granting EOT & to Compel
PRO-SE\BLF\CR.14\00166Panah_deny.recon&grant.eot

9