UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN PANAH, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No. 14-00166 BLF (PR)<br><br>**ORDER DENYING MOTION FOR SANCTIONS; DENYING MOTION TO PRODUCE PARTIAL DEPOSITION; DENYING MOTION TO COMPEL AND DIRECTING PARTIES TO MEET AND CONFER; GRANTING MOTION FOR RULING; GRANTING EXTENSION OF TIME TO FILE OPPOSITION**<br><br>(Docket Nos. 225, 229, 230, 234) |

Plaintiff, an inmate on death row at San Quentin State Prison ("SQSP") proceeding *pro se*, filed a second amended complaint pursuant to 42 U.S.C. § 1983, alleging unconstitutional acts by SQSP correctional officers. Dkt. Nos. 54, 67. On September 29, 2020, the Court granted Defendants' motion to dismiss claims as untimely and ordered briefing on the only remaining timely claim, *i.e.*, an Eighth Amendment claim for deliberate indifference to safety against Defendants Anderson and Odom based on the February 4, 2012 stabbing. Dkt. No. 206 at 31. Defendants filed a motion for summary judgment on March 29, 2021. Dkt. No. 237. The Court addresses several pending motions below.

## DISCUSSION

**A.  <u>Plaintiff's Reply Briefs (Dkt. Nos. 224, 225)</u>**

Plaintiff filed replies to Defendants' oppositions to his emergency motion for a court order to stop a deposition scheduled for November 17, 2020, Dkt. No. 218, and a motion for reconsideration, Dkt. No. 219.  Dkt. Nos. 224, 225.  However, these replies were filed after the Court had already denied these motions on December 17, 2020.  Dkt. No. 223.

Plaintiff's motions were filed on November 16, 2020.  Dkt. Nos. 218, 219.  The docket entry for the first motion indicates "Responses due by 11/30/2020.  Replies due by 12/7/2020."[1]  Dkt. No. 219.  Defendants filed an opposition to the motion for reconsideration on November 30, 2020.  Dkt. No. 220.  Plaintiff's reply to this opposition was due by December 7, 2020.  However, Plaintiff's signature on the reply is dated December 20, 2020, and the envelope is postmarked December 21, 2020.  Dkt. No. 224 at 10, 23.  Therefore, this reply is untimely even under the mailbox rule.  Accordingly, the Court's denial of Plaintiff's motion for reconsideration will not be revisited.[2]

---

[1] These docketed timelines are consistent with Northern District's Local Rule 7-3, which provides that an opposition must be filed and served not more than 14 days after the motion was filed, and a reply must be filed not more than 7 days after the opposition was due.  Civ. L.R. 7-3(a),(c).  However, the Court notes that not all the deadlines entered on docket are consistent with this timeline.  Because the parties rely on the docketed deadlines, those deadlines will determine the timeliness of the oppositions and replies.

[2] Even if the Court were to consider it, Plaintiff's reply offers no persuasive argument for the Court to reconsider its ruling.  He asserts that the Court's dismissal of his claims as untimely was error because California law holds that the statute of limitations issue is for the jury to determine.  Dkt. No. 224 at 1.  Plaintiff is simply mistaken because such a state law does not apply to section 1983 actions.  Since section 1983 does not contain its own limitations period, the federal courts borrow the forum state's statute of limitations for personal injury torts, nothing more.  Plaintiff also asserts a new argument based on a recent 7th Circuit case which may be persuasive but not controlling, and does not establish that the court committed clear error.  *Id.* at 4-8.  The remainder of his newly presented arguments do not satisfy Local Rule 7-9(b) because: (1) he fails to show that in the exercise of reasonable diligence he did not know of such new facts or law at the time of the order; (2) he does not allege the emergence of new material facts or a change of law; or (3) there was no manifest failure by the court to consider material facts that were presented.  *See* Civil L.R. 7-9(b).  Nor do his new arguments satisfy Rule 54(b) of the Federal Rules of Civil Procedure because: (1) he has not presented newly discovered evidence; (2) the court

With respect to Plaintiff's emergency motion to stop his deposition, the docket entry for this motion indicates "Response due by 12/14/2020. Replies due by 12/28/2020," which are lengthier deadlines than prescribed under Local Rule 7-3. Dkt. No. 218. Accordingly, as far as Defendants were aware, they had until December 14, 2020, to file an opposition. Defendants filed their opposition on December 10, 2020. Dkt. No. 221. According to the docket entry, Plaintiff had until December 28, 2020, to file a reply. Plaintiff's signature on the reply is dated December 23, 2020. Dkt. No. 225 at 11. Accordingly, the reply is timely. In the reply, Plaintiff repeats the same arguments as in his motion, and requests that counsel be limited in deposing him if not completely prohibited. Dkt. No. 225 at 1-2.

Although the Court's ruling on Plaintiff's emergency motion may have been premature since the deadline for Plaintiff's reply had not yet expired, the issue is now moot. Counsel was instructed to strictly limit questions to the issues in this case, Dkt. No. 217 at 6, and Plaintiff complied with deposition on January 28, 2021, Dkt. No. 237-2. Accordingly, the Court need not revisit this motion.

### B. Motion for Sanctions (Dkt. No. 225) and Motion to Produce (Dkt. No. 229)

In one of his reply briefs, Plaintiff included in the caption a "Notice of Motion for Sanctions Against Defendants and Counsel Due to False and Misleading Alleged Facts in Declaration." Dkt. No. 225 at 1. Plaintiff makes several allegations regarding the statements and conduct by defense counsel, Lucia Q. Li. *Id.* at 11. Defendants filed opposition to the motion for sanctions, asserting that it lacks merit and fails to comply with Federal Rule of Civil Procedure 11(c)(2), and therefore should be stricken. Dkt. No. 226 at 1. Defendants also assert there has been no misrepresentation or misconduct by counsel Li with respect to her knowledge of Plaintiff's "emergency motion." *Id.* at 2. Defendants

---

did not commit clear error nor was the initial decision manifestly unjust; and (3) there was no intervening change in controlling law. *See* Fed. R. Civ. P. 54(b); *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

deny Plaintiff's allegation that another member of the defense team was "abusive and tried to bully Plaintiff into submitting to the deposition," stating that this is a conclusory remark without any facts in support. *Id.* Lastly, Defendants assert that the use of handcuffs during the proceedings, which Plaintiff opposes, was under the authority of prison staff and was nevertheless proper. *Id.*

On January 21, 2021, Plaintiff filed a reply to Defendants' opposition, asserting counsel Li continues to make false and misleading statements regarding his efforts to contact her and the behavior of co-counsel during the deposition. Dkt. No. 227 at 2. On the same day, Plaintiff separately filed a "Complaint Against Defense Counsel," in which he complains that counsel Li should be sanctioned because she incorrectly described his reply under ECF No. 225 as "untimely." Dkt. No. 228. At the same time, Plaintiff filed another motion for a court order directing counsel "to produce the partial [videotaped] deposition Panah submitted to at San Quentin State Prison on: 11/17/2020." Dkt. No. 229. Plaintiff asserts that this "videotaped deposition impeaches counsel as making false and misleading representations to the Court" in an opposition she filed with the Court in which she "implicitly denied another member of deposition team was abusive and attempted to bully Panah into submitting to deposition." *Id.* at 1.

Defendants filed opposition to Plaintiff's papers filed under Docket Nos. 225, 227, 228, and 229. Dkt. No. 231. Defendants assert that Plaintiff filed these papers "to distract, delay, and harass his impending deposition after the Court ordered him to cooperate with his deposition before he filed those papers." *Id.* at 2. Defendants request that Plaintiff be warned that continuing his behavior in filing baseless and defective requests that waste governmental resources could result in sanctions, including attorney's fees. *Id.* at 1. With regard to Plaintiff's motion for sanctions filed under Docket No. 225, Defendants assert that it is defective because it was not separately noticed and is baseless, and that they informed Plaintiff of this deficiency in their previous opposition filed under Docket No. 226. *Id.* at 3-4, citing Fed. R. Civ. P. 11(c)(2); Local Rule 7-8. Defendants also deny that

a recording of the November 17, 2020 deposition, which was suspended, would support Plaintiff's request for sanctions. *Id.* at 4. Defendants assert this is pure speculation by Plaintiff and does not excuse his failure to come forward with evidence that specifically demonstrates fraud on the court. *Id.* Lastly, Defendants assert that their characterization of Plaintiff's reply as "untimely" is not false since the timeline of filings shows that he mailed the reply after the Court had already issued its order and is therefore not a basis for sanctions. *Id.* at 5.

Plaintiff filed a reply asserting that Defendants' opposition should be stricken as untimely because it was filed beyond the 14-day limitation to file an opposition under Local Rule 7-3(a). Dkt. No. 236. He repeats his assertions that counsel continues to mislead the Court with her attacks on his filings and that his filings are not untimely. *Id.* at 3-5. Lastly, he asserts that he is entitled to a copy of his deposition transcript, and that such a request made by a similarly situated plaintiff was granted by another judge within this district in a separate case. *Id.* at 8.

The Court has already discussed the issue of the timeliness of Plaintiff's reply filed under Docket No. 225. *See supra* at 2-3. Because there was a discrepancy between the docket entry deadlines and the timeline set forth under the Local Rules, it cannot be said that there were any misrepresentations by Defendants' counsel in this regard or the timeliness of Defendants' filings. *Id.* Furthermore, the docket entry for Plaintiff's motion to produce also indicates that a response was due by February 18, 2021, and a reply by March 4, 2021. Dkt. No. 229. Accordingly, it cannot be said that Defendants' opposition was untimely and should be stricken when it was filed in accordance with the deadlines set forth on the docket, which is also what renders Plaintiff's reply as timely filed. Accordingly, it is unnecessary to discuss the additional arguments presented in Plaintiff's additional briefs, Dkt. Nos. 227, 228, as the Court considers this issue resolved.

Both Rule 11(c)(2) and Local Rule 7-8(a) provide that a motion for sanctions must be separately filed. Fed. R. Civ. P. 11(c)(2); Local Rule 7-8. Plaintiff's motion for

sanctions was intermingled with his reply brief and other objections. Dkt. No. 225. Accordingly, the Court finds that on this basis alone Plaintiff's motion for sanctions should be denied. However, even if it were not defective, the Court also finds the motion is without merit because there is no clear evidence of misconduct by counsel Li. Plaintiff's characterization of counsel's arguments as "misleading" and "false" statements of facts is simply not true. As counsel points out, there is no dispute that Plaintiff objected to his deposition, there was no Court order prohibiting his deposition, and Plaintiff did not cooperate at the first deposition. Dkt. No. 231 at 4. These assertions are correct, and the Court finds no evidence that counsel has thus far made any misrepresentations or acted in bad faith to warrant sanctions. With respect to the actions by "co-counsel William C. Kwong"[3] Plaintiff alleges that Mr. Kwong "bullied and intimidated" him at the November 17, 2020 deposition. Dkt. No. 227 at 3. However, this conclusory description is not sufficient for the Court to determine whether the conduct was inappropriate. Accordingly, the Court cannot make any findings on such a bare allegation. With respect to Counsel Li's actions, it is unclear whether she was attempting to cover-up Mr. Kwong's actions or simply disagreed with Plaintiff's characterization of it. Accordingly, it cannot be said that she has intentionally misled the Court or made false statements. The motion for sanctions under Docket No. 225 is therefore DENIED as defective and as without merit.

With regards to the motion to produce the videotape and copy of the transcript of the November 17, 2020 deposition, the motion is DENIED as unnecessary for the reason discussed above. Dkt. No. 229. Furthermore, the fact that a similar request for free copies of a transcript was granted by a different judge to a different plaintiff in a different case is simply not relevant. Plaintiff's *in forma pauperis* status in this matter only entitles him to proceed without full prepayment of the filing fee and does not entitle him to free copies of

---

[3] Defendants' counsel identifies Mr. Kwong as the Supervising Deputy Attorney General who was in attendance to observe and assist with the deposition on behalf of Defendants on November 17, 2020. Dkt. No. 221 at 6.

court documents, including the deposition transcript. Even so, the Court reminds Plaintiff that he was already granted extensive copies of his own filings in this matter at no cost, based on his assertion that he needed replacement copies to respond to Defendants' discovery requests. Dkt. No. 153. But with respect to the deposition transcripts, he must make a formal request from the officer who transcribed the deposition upon the payment of a reasonable charge. Fed. R. Civ. P. 30(f)(3). He must also make the same request to obtain a copy of the transcript of the January 28, 2021 deposition. The Court notes, however, that Plaintiff should have received a copy of relevant portions from his deposition as part of Defendants' summary judgment motion. Dkt. No. 237-2.

C.  **Motion to Compel (Dkt. No. 230)**

Plaintiff has filed a motion to compel Defendants to produce "any and all of Panah's own statements in the possession of any named Defendants; and or any CDCR Employee; and or their counsel, to include the [CDCR][,] to include the SQSP Investigative Services Unit and or any Office of internal Affairs and or records files[,] particularly all handwritten notes of interviews and or interrogations; and all video and or audio recordings, however stored or memorialized, which preserves anything Panah said about being bullied and or abused by CDCR Staff and or inmates for staff, etc." Dkt. No. 230 at 1. Plaintiff asserts that he requested these described records, but that Defendants refused the demands pursuant to FRCP 26(b)(1). *Id.* He asserts that he is entitled to his own statements and that such statements are nonprivileged. *Id.*

Defendants filed opposition, asserting that Plaintiff has not met and conferred with them before seeking court intervention. Dkt. No. 232. Defendants assert that in November 2018, Plaintiff served them with a discovery request, to which they timely responded on February 22, 2019. *Id.* at 1-2, citing Dkt. Nos. 165, 165-2. Their responses consisted of the following: 16 pages of written discovery responses; 21 pages of affidavits from two declarants supporting the assertion of the official-information privilege; 3 pages of affidavit explaining Plaintiff's access to mental-health records; 4 pages of privilege log;

2563 pages of records constituting Plaintiff's central file from 1994 to December 2018; 685 pages of records constituting Plaintiff's medical record from 2012 to March 2017; and 62 pages of records relating to the February 4, 2012 incident. *Id.* Thereafter, Plaintiff did not meet or confer with Defendants to resolve any discovery dispute. *Id.* at 2. Then on January 8, 2020, Plaintiff filed a motion to compel discovery and review his filings under Dkt. Nos. 122-124 and 138-140, in which he accuses Defendants and counsel of submitting "perjurious declarations and documents." Dkt. No. 158. The Court stayed briefing on Plaintiff's motion to compel at Defendants' request, pending resolution of their motion for terminating sanctions and motion to dismiss. Dkt. No. 168. Defendants assert that Plaintiff is now renewing his motion to compel the same discovery at issue in his prior motion. Dkt. No. 230.

Defendants assert the motion should be denied because Plaintiff did not meet and confer with them in good faith before seeking court intervention, and he failed to include a certification attesting to any meet-and-confer efforts. Dkt. No. 232 at 3. With respect to the discovery requests, Defendants state that Plaintiff's past recorded or written statements will be made available for inspection at a mutually convenient time. *Id.* Plaintiff also seeks documents that he requested from the CDCR through a 602 inmate grievance form on February 19, 2012, which Defendants asserts is now being improperly directed at them. *Id.* at 4. Defendants also assert that Plaintiff's discovery requests far exceed the appropriate scope of discovery under the Federal Rules and go beyond what is relevant and proportionate to the needs of the case. *Id.* at 5. For example, his requests include information from another inmate's central file and medical information, administrative or personnel records, and investigations into the incident by various agencies. *Id.* Defendants also assert that some of the information sought is privileged as official-information, and that Plaintiff's objections consist only of self-serving opinions, arguments, or conclusory remarks. *Id.* at 5-6. Lastly, Defendants assert that Plaintiff's request for production of discovery includes results of investigations by other agencies,

8

e.g., the Inspector General, Marin County Grant Jury, the Marin County Sheriff, and the Marin County District Attorney. *Id.* at 6. Defendants assert that they cannot produce documents outside their possession, custody, or control. *Id.*

Plaintiff filed a reply, again objecting to Defendants' opposition as being untimely. Dkt. No. 233. However, Defendants filed the opposition within the deadline indicated on the docket entry for Plaintiff's motion, which shows that a response was due by February 18, 2021, the date when Defendants filed their opposition. Dkt. No. 230, 232. In the reply, Plaintiff admits that he did not meet and confer before seeking court intervention and claims he did not because defense counsel refused to do so, and that "she filed documents saying she would not meet/confer because Plaintiff pled that she had lied." Dkt. No. 233 at 2. Plaintiff then argues against each objection raised by Defendants in their opposition. *Id.* at 2-7.

Rule 37(a)(1) requires a party seeking to compel further responses to discovery to certify that he has previously "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. Proc. 37(a)(1). Under the Local Rules, the parties are required to attempt to resolve "all disputed issues" in good faith before this Court will even entertain a motion to compel. Civil L.R. 37-1(a); Civil L.R. 1-5(n). Plaintiff admits that he did not even attempt to meet and confer with defense counsel because she indicated that she would not. However, Defendants' counsel indicates in opposition that she is willing to come to agreeable terms for Plaintiff to examine some of the records that he seeks. *See supra* at 8. Accordingly, Plaintiff must at least make a good faith effort to meet and confer. If his efforts are unsuccessful, then Plaintiff may renew his motion to compel and certify to the Court that he has attempted to comply with the meet and confer requirement and describe counsel's failure to comply. Since it is undisputed that the parties have not met and conferred regarding discovery disputes, the motion to compel is DENIED as premature. Dkt. No. 230. Attempts to resolve discovery disputes shall commence no later

than two weeks from the date of this order as explained below.  *See infra* at 11.

**D.     Briefing Schedule**

Defendants' summary judgment was filed on March 29, 2021.  Dkt. No. 237.  The Court's briefing schedule directed Plaintiff to file an opposition no later than twenty-eight days from the date Defendants' motion is filed.  Dkt. No. 206 at 32.  Accordingly, Plaintiff's opposition is currently due by April 26, 2021.  However, in light of pending discovery disputes, the Court will *sua sponte* grant Plaintiff an extension of time to file his opposition as set forth below.

## CONCLUSION

For the reasons discussed above, the Court orders as follows:

1. Plaintiff's motion for sanctions is **DENIED** as defective and without merit.  Dkt. No. 225.  Plaintiff's motion to produce a videotape of the partial deposition on November 17, 2020, and a copy of the transcript(s) is **DENIED**.  Dkt. No. 229.  Plaintiff must obtain a copy under Fed. R. Civ. P. 30(f)(3).  Plaintiff's motion for the Court to rule on his filings is **GRANTED** by this order.  Dkt. No. 234.

2. Plaintiff's motion to compel discovery is **DENIED** as premature.  Dkt. No. 230.  Plaintiff must initiate meet and confer efforts **within two (2) weeks** from the date of this order, and any subsequent motion to compel must be filed within two (2) weeks after the additional documents were to be produced.

3. In light of pending discovery disputes, the Court *sua sponte* grants Plaintiff an extension of time until **June 21, 2021**, which is an additional eight weeks, to file his opposition.  Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

4. All other provisions in the Court's Order of Service, Dkt. No. 69, shall remain in effect.

This order terminates Docket Nos. 225, 229, 230, and 234.

**IT IS SO ORDERED.**

**Dated: ___April 7, 2021_____**

BETH LABSON FREEMAN
United States District Judge

Order Denying M. for Sanctions/Produce/Compel; Grant M. for Ruling; Grant EOT to file Opp.
PRO-SE\BLF\CR.14\00166Panah_motions.eot-opp